IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO REYES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-1035-JPG |
| | ) |
| MICHAEL RANDLE, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antonio Reyes, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal.

**BACKGROUND**

Reyes prefaces his complaint with an explanation of his history within the Illinois Department of Corrections. He is currently serving a life sentence, which began to run in 1987. In the late 1990s, while at Stateville, he began to work as an inmate law clerk. Shortly thereafter, he states that officials at Stateville began a campaign of harassment in retaliation for the numerous complaints and grievances he filed, or assisted other inmates in filing. At one point, Reyes received an allegedly false disciplinary report, over which he filed suit. That lawsuit was eventually settled; Reyes states that one term of the settlement was to expunge that disciplinary report. Reyes alleges that Internal Affairs officers conspired to compile false records to label him as a member of a security threat group (STG); specifically, he is now identified as a member of the Latin Kings.

In 2003, Reyes was transferred to Menard. In 2005, the aforementioned disciplinary record was expunged. Several months later, Reyes spoke with his counselor regarding reinstatement of his low-escape-risk status, which had been elevated due to that disciplinary proceeding. Reyes filed numerous grievances over this matter, but his low-escape-risk status was not reinstated. As a result, he was denied a job in the law library at Menard. Reyes believes that his inaccurate STG classification is used by I.D.O.C. to exclude him from certain jobs and privileges.

**CLAIMS MADE**

The events giving rise to this action began in the fall of 2007. Between September 2007 and January 2008, Reyes experienced difficulty in getting access to the law library in order to meet certain court deadlines. He specifically alleges that Defendant Allsup (a/k/a Schorn) delayed in responding to his requests for access and provided misinformation. He further alleges that

Defendants Ford and Walker simply denied his grievances over these matters "in boilerplate fashion." Finally, he states that with regard to one specific, Defendant Fairchild advised Reyes that he could find no record of that grievance on file. Reyes alleges that these actions were done in retaliation for his prior litigation and grievances filed against staff, in violation of his constitutional rights.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). At issue here is whether Reyes experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

This is a question that cannot be resolved at the pleading stages of this case. Thus, the Court is unable to dismiss his retaliation claim against Allsop/Schorn, Ford, or Walker at this time. However, a mere statement from Fairchild advising Reyes that he had no record of a specific grievance does not support a claim of retaliatory action against Fairchild. Thus, Fairchild will be dismissed from this action.

In addition to the four individuals mentioned above, Reyes lists six other defendants in the complaint: Michael Randle, Donald Hulick, Terri Anderson, C/O Meyer, Tyrone Murray, and Robert Hoffman. However, the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687

F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Accordingly, these six defendants will also be dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendants **RANDLE, HULICK, FAIRCHILD, ANDERSON, MEYER, MURRAY** and **HOFFMAN** are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these defendants MAY count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, FORD** and **ALLSOP/SCHORN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, FORD** and **ALLSOP/SCHORN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: July 2, 2010.**

                                                  **s/ J. Phil Gilbert**
                                                  **U. S. District Judge**