IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO REYES, #N-70282,

    Plaintiff,

v.

MICHAEL P. RANDLE, *et al.,*

    Defendants.

Case No. 3:09-cv-01035-JPG-PMF

MEMORANDUM & ORDER

    This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("R & R") (Doc. 53) wherein it was recommended the defendants' motion for summary judgment (Doc. 34) be denied in part and granted in part. Specifically, the R&R recommended summary judgment be granted as to defendants Walker and Ford because the plaintiff, Reyes, intentionally failed to exhaust administrative remedies. It was further recommended summary judgment be denied as to defendant Schorn (a.k.a. Allsup) because there is at least one genuine issue of material fact as to Reyes' first amendment claim and because Schorn does not have qualified immunity.[1] After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.*

    The Court must review *de novo* the portions of the report to which specific written objections are made. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

---

[1] Several other claims were recommended to be denied as moot and there were no objections. The Court reviewed these claims for clear error and found none. The Court therefore does not go into the analysis of each mooted claim.

1

Schorn objected to the R&R claiming there was no issue of material fact and she was entitled to qualified immunity, (Doc. 54) to which Reyes responded (Doc. 55). No other objections were made and after reviewing the remaining portions of the R&R for clear error, the Court adopts the recommendations as to the remaining two defendants.

## BACKGROUND

1. Factual

Reyes alleges Schorn unlawfully retaliated against him in violation of the First Amendment based upon a series of events. Reyes first states he angered Schorn after she persuaded him to request four photocopies (costing $5.20) of a document when he believed he only needed two copies (costing $2.60). When Reyes found out he did in fact only need two copies and had paid for four, he went to share the information with Schorn but before he could, she exploded into a tirade. Reyes alleges she belittled him, indicated he should not complain because he can afford extra copies, and threatened to withhold library services on future lockdowns for anything not involving a court ordered deadline.

Reyes further states he informed library staff on September 2, 2007 he had an impending court deadline of September 28, 2007 and requested a library time for research. On September 20, 2007, Reyes requested a keycite report which he never received. An inmate law clerk named Larry told Reyes that Schorn was not addressing the requests because it was Reyes making the requests. Reyes further alleges that on January 9, 2008, Reyes received a court order extending a deadline to file a responsive pleading to January 15, 2008. On January 14, 2008, Schorn and an inmate law clerk came to Reyes' cell and asked if he had a court deadline and what he would need. He told them the deadline was the next day and he needed copies of a motion he was preparing. Reyes also indicated he sent a written request. He was then not granted the pass to pick up the copies until January 17, 2008, two days past the

deadline. On January 19, 2008, Reyes received a court order dated January 17, 2008, indicating his complaint had been dismissed.

2. Procedural

Reyes filed a complaint alleging a First Amendment retaliation claim against ten defendants employed by the Illinois Department of Corrections. Seven of those defendants were dismissed during the Court's threshold review of this case (Doc. 5) and two defendants were recommended to be dismissed in Magistrate Judge Frazier's R&R (Doc. 53). No one has objected to their dismissal. The remaining defendant therefore is the Law Librarian, Schorn. Schorn filed her motion for summary judgment claiming she should be granted summary judgment because the claims are barred by the statute of limitations, Reyes cannot support the claim he was denied access to the courts, Schorn did not retaliate, the claims against Schorn in her official capacity are barred by the Eleventh Amendment, and Schorn is entitled to qualified immunity (Doc. 35). The only remaining issues are retaliation and qualified immunity.

Schorn now objects to the finding in the R&R that a reasonable juror could find she retaliated against Reyes and maintains she is entitled to qualified immunity. Schorn specifically objects to Magistrate Judge Frazier's characterization of the statement she would withhold library services if on lockdown as a "threat" because it is the prison's policy to not provide library services unless there is a court deadline.  Schorn argues that without the characterization of the statement as a "threat," a reasonable juror could not conclude she acted with a retaliatory purpose.  Schorn also objects to the R&R's findings as to qualified immunity. Schorn argues there is no case law to put her on notice that following institutional policy can constitute retaliation. In response, Reyes argues it was a threat as he claimed in his grievance and it is not the Magistrate Judge's role to make credibility determinations. As to the issue of qualified immunity, Reyes states Schorn did not prove there was an institutional policy

she was following and further that each particular violation of a constitutional right does not need to have previously been held to be unlawful in order to find qualified immunity does not exist.

## ANALYSIS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Further, "[c]redibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Here, the parties dispute whether summary judgment is appropriate on the claim of First Amendment Retaliation and in light of the defense of qualified immunity.

1. First Amendment Retaliation

No party has objected to the legal standard presented in the R&R and the Court finds it to be an accurate statement of the law. For the ease of analysis, however, the Court summarizes it here. In order to prevail on a First Amendment claim for retaliation, Reyes must prove, 1.) he engaged in activity protected by the First Amendment; 2.) the protected activity was a but-for cause of Schorn's action; and 3.) he suffered a deprivation because of Schorn's action. *Gross v. Town of Cicero, Ill.,* 619 F.3d 697, 704 (7th Cir. 2010) (citing *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 604 F.3d 490, 501 (7th Cir. 2010)). Magistrate Judge Frazier found the only element at issue to be causation as Schorn did not

dispute the activity was protected or whether Reyes suffered a deprivation. Schorn did not object to this finding.

Causation is determined using the "but-for" causation test as articulated by the Supreme Court. "A plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that [an illegal purpose] was the "but-for" cause of the [defendant's adverse action]." *Gross v. FBL Financial Services*, *Inc.,* 567 U.S. 167, ----, 129 S. Ct. 2343, 2351 (2009). In the Seventh Circuit, "the causation analysis for a § 1983 retaliation claim tracks the causation analysis for a Title VII retaliation claim." *Spiegla v. Hull*, 371 F.3d 928, 943, n.10 (7th Cir. 2004) (quoting *Johnson v. Univ. of Wis.-Eau Claire,* 70 F.3d 469, 482 (7th Cir. 1995)). Reyes may therefore offer direct proof of retaliation or may use the burden shifting approach.[2] *Johnson,* 70 F.3d at 469. Under the direct method, Reyes can survive summary judgment if he can demonstrate there are "triable issues as to whether discrimination motivated the adverse employment action." *See Kodish*, 604 F.3d at 501 (citing *Darchak v. City of Chicago Bd. of Educ.,* 580 F.3d 622, 631 (7th Cir. 2009)). Direct evidence can include circumstantial evidence, inferences, and unambiguous statements. *See e.g., id.; Atanus v. Perry,* 520 F.3d 662, 671 (7th Cir. 2008).

The Court now reviews *de novo* the circumstances presented and reminds the parties it must take the evidence in a light most favorable to the non-moving party, Reyes. *See Anderson*, 477 U.S. at 255. Schorn's objection focuses on Magistrate Judge Frazier's characterization of the statement as a "threat." Schorn believes that without this statement, there is not enough evidence to withstand summary judgment. This Court does not agree with Schorn. Taking the circumstances in the light most favorable

---

[2] "Whether such a burden shifting analysis survives the Supreme Court's declaration in *Gross* in non-Title VII cases, remains to be seen." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 604 F.3d 490, 501 (7th Cir.2010). However, the Court does not need to address it now as discussed in the R&R (Doc. 53 at 12).

to Reyes, and even removing the statement in question from the analysis, Reyes has presented sufficient evidence to withstand summary judgment. The Court will not make determinations as to credibility. *Id.*

Reyes' allegations do not turn only on the statement in question but rather he has complained of multiple instances of misconduct. Reyes believes he was intentionally misinformed about copies (thus costing him 200% more, not an insignificant sum to an inmate), denied "Shepherd's reports" because of who he was, and intentionally caused to miss a court deadline (which resulted in the lawsuit being dismissed). The statement attributed to Schorn as a "threat" is only one part of the evidence relied upon by Magistrate Judge Frazier in denying Schorn's motion for summary judgment. Both Schorn and Reyes have submitted sworn affidavits as to their version of the events, but this Court does not determine credibility. *Anderson*, 477 U.S. at 255.

Reyes also had a witness submit a sworn affidavit in which he describes Schorn yelling at Reyes about the copies incident. It was during this incident Schorn allegedly yelled at Reyes and stated "she would not be doing anything for Reyes on lockdowns if he did not have a direct court deadline." Magistrate Judge Frazier believes this statement, coupled with the actual incidents which occurred after it was made, is sufficient to show retaliatory purpose. This Court agrees. After this statement was made, Reyes had a court deadline which he informed Schorn of and he did not receive the access to legal services necessary to meet that deadline. Reyes attempted to engage in a protected activity and was not allowed to do so. Perhaps he was not allowed to do so for a non-retaliatory reason, but that must be determined by a jury. Reyes has demonstrated there is a triable issue as to whether retaliation motivated the adverse action. *See Kodish*, 604 F.3d at 501. At the summary judgment stage of the proceedings, he does not need to demonstrate any more. The Court therefore adopts Magistrate Judge Frazier's R&R and denies Schorn's motion for summary judgment on the grounds of lack of retaliatory purpose.

2. Qualified Immunity

The second issue Schorn objected to involves qualified immunity. Schorn believes she is entitled to qualified immunity because she was following institutional policy. In order to prevail against the defense of qualified immunity, Reyes needs to show first that Schorn's conduct violated his constitutional rights and second, the violated right was clearly established at the time of the alleged misconduct." *Lewis v. Downey*, 581 F.3d 467, 478 (citing *Siegert v. Gilley,* 500 U.S. 226, 232 (1991)). Both Magistrate Judge Frazier and this Court determined a genuine issue of material fact exists as to whether Schorn violated Reyes' constitutional rights so there is no need for analysis under the first prong. Schorn's objection, however, seems to be on the basis of the first prong rather than the second. Schorn argues she is entitled to qualified immunity because she was following institutional policy. This is part of the question, however, which remains to be determined at trial. The Court is not finding that "following established institutional policies in relation to the law library can constitute retaliation," as stated by Schorn (Doc. 54). Rather, the Court is finding it remains to be determined if institutional policies were followed and if Reyes' rights were violated.

As to the second prong, a question of law, there has been no objection. In order to prevail on this prong, Reyes must show that while "operating under the state of the law as it existed at the time of relevant events, a reasonable officer would have known that the particular action at issue was unlawful." *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992). Schorn claims there is no established law that would put her on notice regarding library services (Doc. 35). Magistrate Judge Frazier relied upon *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996) which held:

> "…retaliation against constitutionally protected conduct is actionable regardless of whether the defendant's actions independently violate the constitution. A prison official in [the defendant's] position therefore would have been on notice that any retaliation, whatever its shape, could give rise to liability."

*Id.* Here, the Court has already found there is a question as to whether Schorn retaliated against Reyes for exercising his protected activity. At this time, Reyes has put forth sufficient evidence of retaliation for this stage of the litigation to prevent the Court from granting Schorn's motion for summary judgment on the basis of qualified immunity. The Court therefore adopts the findings of the R&R in its entirety and denies Schorn's motion for summary judgment.

## CONCLUSION

The Court **ADOPTS** the R&R (Doc. 53) in its entirety and **grants in part and denies in part**, the defendants' motion for summary judgment (Doc. 34). The Court **DIRECTS** the Clerk of the Court to enter judgment accordingly at the close of the case. Specifically, the Court:

1.) Grants the motion as to defendants Ford and Walker on the exhaustion of administrative remedies issue;

2.) Denies the motion as moot as to defendants Ford and Walker on all remaining issues;

3.) Denies the motion as to defendant Schorn on the exhaustion of administrative remedies, statute of limitations, retaliation, and qualified immunity;

4.) Denies the motion as moot as to the access of the courts issue and official capacity issue.

**IT IS SO ORDERED.**
**DATED:** January 26, 2012

s./ J. Phil Gilbert\_\_\_\_\_
**J. PHIL GILBERT**
**DISTRICT JUDGE**